CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JUN 10 AM 8: 43

DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PIERRE A. CALDWELL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:15-CV-00576-O-BL** |
| | § | |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Pierre Caldwell seeks judicial review of the decision of the Commissioner of Social Security (Commissioner), who denied his application for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). The United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be affirmed and this case be dismissed.

## I. STATEMENT OF THE CASE

Plaintiff filed an application for DIB on July 20, 2012, alleging impairments that were disabling as of January 5, 2012. That application was denied initially on September 25, 2012, and again on reconsideration on December 10, 2012. Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on April 10, 2014. The ALJ issued a decision on April 24, 2014, finding Plaintiff not disabled.

Specifically, the ALJ found during step one that Plaintiff had not engaged in substantial gainful activity since January 5, 2012. (Doc. 16-3, 21). At step two, the ALJ found Plaintiff had severe impairments of diabetes with neuropathy, seizures, and degenerative disc disease of the lumbosacral and cervical spine with status post lumbar surgery. (Doc. 16-3, 21). In step three, the ALJ found that Plaintiff did not meet or equal in combination one of the impairments listed in 20 C.F.R. § 404(p). (Doc. 16-3,. 24). The step three analysis continued, with the ALJ finding that Plaintiff retained the residual functional capacity (RFC) for light work as defined in 20 C.F.R. § 404.1467(b). (Doc. 16-3, 24). At step four, the ALJ concluded that Plaintiff was unable to return to past relevant work, and at step five ruled that the Administration met its burden by showing there were sufficient opportunities in the local and national economy at which Plaintiff could perform capably, and that Plaintiff was therefore not disabled. (Doc. 16-3, 27).

Plaintiff applied to the Appeals Council for review, which denied that review on June 5, 2015. (Doc. 16-3, 1-7). Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to his pleadings, testimony at the administrative hearing, and the administrative record, Plaintiff was forty-six years old and living with his girlfriend at the time of the administrative hearing. He had completed high school and two years of college education. Plaintiff has worked in various positions, including as a forklift operator and a dock supervisor. He complains of diabetes symptoms, frequent seizures (possibly related to the diabetes), and back and leg pains. He also complains in this appeal of mental impairments including memory

loss and depression. He alleges these physical and mental impairments render him disabled under the Act.

### III. STANDARD OF REVIEW

A person is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and

whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Plaintiff raises two issues on appeal. He claims the ALJ failed to apply proper legal standards in finding no medically determinable mental impairment(s) and that the ALJ's RFC finding in step three is not supported by substantial evidence.

### A. Medically Determinable Mental Impairment(s) Finding

In step two of the five-step analysis, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. *Bowen v. Yuckert*, 482 U.S. 137, 140-141 (1991). Plaintiff argues that the ALJ did not evaluate his mental impairment(s) "at all, resulting in no factual findings with regard to the severity of Plaintiff's mental impairments...." (Doc. 22, 3). Plaintiff points to multiple entries in the record indicating a diagnosis of Major Depressive Disorder ("MDD"), anxiety, and issues with memory and concentration. (Doc. 22, 4-

4

5). Before any severity determination is made, an acceptable medical source must establish the existence of an impairment. 20 C.F.R. § 404.1513(a). Plaintiff fails to reckon with the fact that no such acceptable medical source established any of the alleged mental limitations, excepting the periods surrounding hypoglycemic episodes. Plaintiff's source for these alleged impairments is chiropractor Michael Adair. (Doc. 18 at 34-41). Mr. Adair is an "other source" under the regulations, which state that the Commissioner "may use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20 C.F.R. § 404.1513(a), (d). An "other source" may be used to establish severity and limitations of already-determined impairments, but not to determine the existence of such an impairment. *Id.*

Plaintiff argues that evidence suggesting depression and other mental impairments from the record is sufficient to require the ALJ to evaluate it as an impairment under 20 C.F.R. § 404.4520(a). (Doc. 22 at 4). However , to prevail, Plaintiff must show that there is an absence of substantial evidence in the record to support the decision of the ALJ, and not that putative impairments not established by an acceptable medical source were not fully analyzed under the regulations. *Waters*, at 781; 20 C.F.R. § 404.1513; Doc. 22, 4-6.

Plaintiff also argues by repeated reference to Global Assessment of Functioning scores that there is record evidence to establish mental impairments. (Doc. 22, 4-5). In addition to being supplied by Mr. Adair, these GAF scores have little evaluative value in disability proceedings as they may be capturing issues that do not relate to the ability to work, and in fact have been replaced as a tool, as they often resulted in confusing disability and overall psychological assessment. *See, e.g., Diagnostic and Statistical Manual of Mental Disorders*, 16 (5th ed. text rev. 2013) ("It was recommended that the GAF be dropped from DSM-5 for several reasons, including its conceptual lack of clarity .... In order to provide a global measure of disability, the

… WHODAS is included … in … DSM-5."); *Davis v. Astrue*, 2008 WL 517238 (N.D. Tex. Feb. 27, 2008) ("[f]ederal courts have declined to find such a strong correlation between an individual's GAF score and the ability or inability to work."); *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001); 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000). There can be no error, as alleged, in failing to consider mental impairments in finding Plaintiff's RFC, as those mental impairments are not established by acceptable medical sources. (Doc. 22, 6).

Furthermore, Plaintiff's burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision. Plaintiff himself notes that the ALJ may fail to make a finding on mental impairment at step two and still consider it properly in determining RFC. Doc. 22, 5; *See Herrera v. Commissioner of Social Security*, 406 Fed.Appx. 899, 903 (5th Cir. 2010). An ALJ need not specifically list evidence accepted and rejected in reaching findings. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

The ALJ acted correctly in determining that the impairments established by acceptable medical sources either were or were not severe, according to the record and evidence, and in making her decision "[a]fter careful consideration of the entire record." (Doc. 16-3, 22.) The Plaintiff has failed to show either that the ALJ erred by applying any incorrect legal standards in finding that alleged mental limitations are not established by the record or that they were not appropriately considered in setting Plaintiff's RFC. As such, this court defers to the Commissioner's judgment with respect to any mental impairments and their impact on the Plaintiff's RFC. *Masterson*, 309 F.3d at 272.

### B. Substantial Evidence and the ALJ's RFC Assessment

Plaintiff also argues that the ALJ's RFC finding is made contrary to the evidence of record. (Doc. 22, 8). Plaintiff begins by quoting his own testimony at the hearing in front of the

ALJ, and stating that the RFC finding is contrary to this evidence. (Doc. 22, 8). An ALJ must conduct a four-step credibility inquiry in considering a claimant's testimony regarding their symptoms. 20 C.F.R. § 404.1529. First, the ALJ must determine whether there exists a medically determinable impairment that could reasonably produce the claimant's alleged pain and symptoms. *Id.* Second and third, the ALJ decides whether the impairment is listed, or equals an impairment listed. *Id.* Fourth, the ALJ should evaluate the persistence and effects of those symptoms to determine what impact they might have on the claimant's RFC. *Id.*

An ALJ need not explicitly elucidate at each step of the credibility process, according to the Fifth Circuit. *Clary v. Barnhart*, 214 Fed.Appx. 479, 482 (5th Cir. 2007); *Hillman v. Barnhart*, 170 Fed.Appx. 909, 913 (5th Cir. 2006); *see Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989) (implied credibility determinations are permissible). An ALJ is entitled to weigh the evidence provided by medical experts and lay witnesses alike, and does not err in finding medical opinions more persuasive than the claimant's subjective evidence. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Plaintiff rightly does not claim that there are no medical opinions supporting the RFC finding, only that there is some contrary evidence in the record, including some offered by Plaintiff. The ALJ explicitly considered the entirety of the medical evidence, including Plaintiff's testimony, and found that in "this case, neither the objective medical or non-medical evidence[ ] establishes that the claimant's ability to function is so severely impaired as to preclude work at the light level of exertion." (Doc. 16-3, 27). Again, an ALJ need not specifically list evidence accepted and rejected in reaching findings. *See Falco*, 27 F.3d at 164. Plaintiff has failed to show that there is not substantial evidence within the record to support the ALJ's RFC finding or that the ALJ did not apply the correct legal standards in reaching her decision.

## V. CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docked of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated June _/O_, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE